**Opinion issued August 7, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-14-00338-CR**

**NO. 01-14-00339-CR**

———————————

**PAUL ANTHONY RODRIGUEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Case No. 1350358, 1350415**

---

**MEMORANDUM OPINION**

Appellant, Paul Anthony Rodriguez, pleaded guilty to the felony offense of

aggravated sexual assault in trial court cause number 1350415[1] and pleaded guilty

---

[1] *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B), (a)(2)(A)(iv) (West 2010).

to the felony offense of unlawful possession of a firearm and true to the allegations in a felony enhancement paragraph in trial court cause number 1350358.[2] The trial court found appellant guilty of each charge, found the enhancement paragraph true in trial court cause number 1350358, and, in accordance with the terms of appellant's plea agreements with the State, sentenced appellant to confinement for fourteen years. Appellant has filed *pro se* notices of appeal. We dismiss the appeals.

In a plea-bargained case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after obtaining the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the trial court's certifications are included in the records on appeal. *See id*. The trial court's certifications state that these are plea-bargained cases and the defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The records support the trial court's certifications. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss these appeals. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App.

---

[2] *See* TEX. PENAL CODE ANN. §§ 12.42(a), 46.04(a) (West Supp. 2013).

2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss these appeals for want of jurisdiction. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).